STEVEN G. KALAR
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
1301 Clay Street, Suite 1350N
Oakland, CA 94612
Telephone:    (510) 637-3500
Facsimile:    (510) 637-3507

Counsel for Defendant LISA ROSSI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 17-00066 JST |
|---|---|---|
| Plaintiff, | ) ) ) | **LISA ROSSI'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE** |
| v. | ) ) | |
| LISA ROSSI, | ) ) | Date:       23 February 2018 Time:      9:30 a.m. |
| Defendant. | ) ) ) | |

**1.  Preliminary Statement**

Lisa Rossi has lived the vast majority of her life as a law-abiding citizen, dutiful daughter, and employee of family-owned businesses. She stands before the Court for sentencing on a single count of theft from an employee benefit plan in violation of 18 U.S.C. § 664. For the following reasons, Ms Rossi asks the Court to impose sentence in conformity with the parties' plea agreement and the recommendation of the probation officer.

**2.  Background**

This case arises from Ms Rossi's tenure as fiduciary of an employee benefit plan established by E-D Coat, a metal refinishing company owned and operated by Jerry Rossi, Ms Rossi's father. The plan was established in 1976 and beginning in 2011, while acting as the plan's fiduciary, Ms Rossi caused or contributed to the misappropriation and conversion of plan funds.

**3. Comments to PSR**

USPO Karen Mar has authored a comprehensive and insightful report, to which Ms Rossi has no factual or legal objection.

Paragraphs 59 and 63 nonetheless merit a brief discussion. Although each paragraph correctly states the guidelines as presently constituted, the Sentencing Commission has proposed amendments to the guidelines, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20170824_rf_proposed.pdf, that include a First Offender provision in Chapter 4. Under one option of this provision, the offense level for an offender with no prior convictions would would be decreased by an additional two-levels. In addition, Zones B and C would be consolidated. It therefore appears that Ms Rossi, at a First Offender adjusted offense level of 10, would qualify for a non-custody sentence under proposed amendment 5C1.1(g).

**4. Sentencing Recommendation**

**A. Nature and Circumstances of the Offense**

ERISA cases are a species unto themselves. Unlike many varieties of theft, a conviction under 18 U.S.C. § 664 does not require an intent to permanently or even temporarily deprive the victim of property. It requires only an unauthorized appropriation of plan funds. *See United States v. Eriksen*, 639 F.3d 1138, 1145 – 46 (9th Cir. 2011) ("lack of authorization may be shown if the diversion is substantially inconsistent with the fiduciary purposes and objectives of the union funds or pension plan"). Similarly, an intent to benefit the company's employees or treat the funds as a loan to be repaid is not a defense. *United States v. Wiseman*, 274 F.3d 1235, 1241 – 42 (9th Cir. 2001).

Here it appears that E-D Coat, through Ms Rossi, misappropriated funds partially in order to maintain liquidity and keep the company operating, with the result that several of the plan beneficiaries did not receive payouts due them. The foregoing is not meant to minimize the seriousness of Ms Rossi's conduct, nor to cast blame elsewhere. It does however lend context to the offense conduct to the extent that it demonstrates that traditional definitions of theft are not necessarily applicable here.

**B. A Sentence of Probation is Appropriate in This Case**

The record in this case fully supports a sentence of probation. At the outset, there is little chance of recidivism. Ms Rossi has no criminal history – statistically, she is the least likely of all to re-offend. According to a Sentencing Commission study, "Offenders with zero criminal history points have lower recidivism rates than offenders with one or more criminal history points. Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest recidivism risk of all." *Recidivism and the "First Offender*," United States Sentencing Commission, p. 17 (May, 2004).[1]

In the same vein, acceptance of responsibility came early in this case. Through prior counsel, Ms Rossi had arrived at a pre-indictment resolution of the case and within eleven days of her initial appearance in federal court she entered a guilty plea.

Moreover, the requested sentence contemplates a ten-month period of home confinement. This restriction on Ms Rossi's liberty is an additional, and in this case, sufficient, answer to the nature of the offense and will serve section 3553(a)'s goal of deterring future criminal conduct.

Ms Rossi also agrees to make the victim beneficiaries whole. Despite that plan losses were also attributable to persons involved with the plan long before Ms Rossi came on the scene, Ms Rossi will pay restitution in an amount sufficient to cover those losses and restore benefits due and owing to those plan beneficiaries affected by the losses.

Lastly, the recommended sentence also will protect the public. As part of her plea agreement, Ms Rossi agrees not to serve or participate in the administration of an employee benefit plan, in any capacity, for a period of thirteen years following the date of her conviction.

**C. A Slight Variance is Warranted**

As previously stated, the advisory guidelines place Ms Rossi's sentencing range in Zone C. The parties and the probation officer agree that an appropriate disposition of this case is a sentence of one year probation, which would technically be a variance. As a practical matter, the

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_First_Offender.pdf.

recommended probationary sentence is permitted by statute, 18 U.S.C. § 3561(c)(1), and Ms Rossi will still be required to serve a ten-month period of home confinement.  On this record, the slight variance required to reach the agreed disposition is warranted.

**5. Conclusion**

For the reasons stated, Lisa Rossi respectfully requests that the Court impose a sentence of one year probation, with the condition that she serve a ten-month period of home confinement.


Dated:  16 February 2018

                                             Respectfully submitted,

                                             STEVEN G. KALAR
                                             Federal Public Defender

                                             /s/ Jerome E. Matthews

                                             JEROME E. MATTHEWS
                                             Assistant Federal Public Defender