1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JONATHAN U. LEE (CABN 148792)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       jonathan.lee@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13 | UNITED STATES OF AMERICA,         )  CASE NO. CR 17-00066 JST
                                       )
14 |         Plaintiff,                )
                                       )  UNITED STATES' SENTENCING
15 |    v.                             )  MEMORANDUM
                                       )
16 | LISA ROSSI,                       )
                                       )
17                                     )
                                       )
18 |         Defendant.                )

## I. INTRODUCTION

With the joint recommendation of Probation and the government, the Court imposed a probationary sentence plus restitution in the amount of $234,270.59. The defendant agreed in July 2017 to pay that amount. In the two years after signing the plea agreement, defendant has made payments totaling $10,100, or 4.3% of the total obligation.

Meanwhile, in a short span of time earlier this year, defendant withdrew four times that amount in cash from accounts that the government recently learned are not in defendant's name. One of those withdrawals alone was for $29,993 on May 11, 2019, as the Court heard at the most recent hearing.

This sequence of events demonstrates a lack of respect for the law and warrants a custodial sentence. Defendant's conduct thwarts any meaningful progress toward making the victims whole. Neither the Court, the victims, nor the community should have to wait decades for the defendant to complete this sentence. For this reason, the government's request also includes accelerating the payments. Therefore, the government requests a custodial term of 30 days, 3 years of supervised release and a special condition requiring monthly payments of $5,000 toward the restitution obligation.

The guidelines applicable here are 3 to 9 months custody and 1-3 years supervised release.

## II. FACTUAL BACKGROUND

### A. Underlying Conviction

On July 21, 2017, defendant pled guilty to Theft from an Employee Benefit Plan, a violation of 18 U.S.C. § 664, and agreed to pay restitution in the amount of $234,270.59. Dkt. No. 13.

### B. Sentence and Judgment

On February 23, 2018, the Court imposed sentence, which included payment of restitution in the amount of $234,270.59 by March 16, 2018. Dkt. No. 24.

On February 27, 2018, the Court issued the Judgment in this case, which identified the 14 victims of defendant's offense conduct and the specific restitution amounts owed to each. Dkt. No. 25.

///

SENTENCING MEMORANDUM
CR 17-00066 JST                    2

### C.     The Instant Violation

Defendant did not satisfy the restitution obligation agreed to in the plea, imposed by the Court at sentencing or set forth in the Judgment. At a hearing on July 6, 2018, the Court modified the conditions of probation, adopting the payment schedule agreed to by the parties. Dkt. No. 31. "By stipulation of the parties, the Court modified the Defendant's conditions of probation and ordered the Defendant to make monthly payments of $1,000.00 toward restitution. The payments are due by the fifteenth of the month, with the first payment due July 15, 2018. Payments shall be made payable to the Clerk of the Court." *Id*. Defendant has made the following payments after the sentencing hearing:

| Date of Payment | Amount of Payment |
| --- | --- |
| 3/23/2018 | $100 |
| 7/16/2018 | $1,000 |
| 8/15/2018 | $1,000 |
| September 2018 | No payment |
| 10/11/2018 | $2,000 |
| November 2018, December 2018, and January 2019 | No payment |
| 2/6/2019 | $2,000 |
| 2/26/2019 | $1,000 |
| 3/19/2019 | $1,000 |
| 4/19/2019 | $1,000 |
| May 2019 | No payment |
| 6/25/2019 | $1,000 |
| July 2019 | No payment |
| **TOTAL** | **$10,100** |

These payments amount to 4.3% of the total amount owed. At this pace, slightly less than 50 years will pass before the victims are made whole. At the payment rate of $1,000 per month contemplated in July 2018, which defendant has not met to date, defendant will complete the restitution payment obligation in slightly less than 20 years. If defendant makes approximately 9-10 payments per

SENTENCING MEMORANDUM
CR 17-00066 JST                                3

year, that time horizon stretches to approximately 25 years.

Against this backdrop, the defendant has made substantial cash withdrawals during the time period of the payments above. These included withdrawals of $10,000 on December 31, 2018 and $29,993 on May 11, 2019. Supplemental Declaration of Allen Williams ¶ 6. When the government attempted to subpoena the records for this banking activity, it learned that all accounts at that bank in the defendant's name were closed in 2009. *Id.* ¶ 7. Because defendant is not an account owner or signatory for the account from which she received $29,993 on May 11, 2019 or $10,000 on December 31, 2018, no records were provided. *Id.*

### III.   LEGAL STANDARD

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The sentencing guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007).

After determining the correct guidelines range, the Court should then evaluate the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a). Sentences falling within the guidelines range "will usually be reasonable." *Carty*, 520 F.3d at 994 (quoting *Rita v. United States*, 551 U.S. 338 (2007)).

### IV.   GUIDELINES

The applicable guidelines are: 3 to 9 months custody and 1 to 3 years supervised release. Probation is not applicable.

///

## V.   ARGUMENT

### A.   The Current Violation Warrants the Requested Sentence.

The current violation cannot be disputed.  Defendant agreed to make monthly payments.  She failed to do so.  While failing to meet the terms of sentencing, defendant managed to access large amounts of cash from a bank account of which she is not the owner or signatory.  This is a lack of respect for the law, plain and simple.  The $40,000 defendant withdrew would have made substantial progress toward making victims whole.  The Court should impose the requested 30 day custodial sentence.  Defendant must follow the rule of law imposed by the Court through its judgment and pay the restitution owed.  To date, defendant has not followed the rule of law, and the short custodial term, which is below the guidelines, should be imposed to correct this misconduct.

### B.   The Requested Sentence Will Deter the Defendant.

The violation identified in the petition is the same type of conduct giving rise to the underlying conviction.  Simply put, this defendant has a history of deceptive criminal conduct that harms the community.  The plea agreement acknowledges this fact.  Now, years later, defendant persists in the same type of conduct.  The failure to pay restitution re-victimizes the members of this community who suffered from defendant's underlying criminal conduct.  They receive little or nothing, while defendant withdraws large sums from the bank.  This is conduct in need of specific deterrence, which the brief custodial and supervised release terms will provide.

### C.   The Restitution of Victims Weighs Heavily in favor of the Requested Sentence

The long history of delayed justice for the victims is well known to the parties and the Court.  That history warrants the custodial term of 30 days, the supervised release term of 3 years, and an accelerated payment schedule more in line with the defendant's access to large sums of funds from bank accounts for which she is neither the owner nor a signatory.  The government bases its request in part on the directives Congress put in place regarding victims.

The Crime Victims Rights Act ("CVRA"), 18 U.S.C. 3771, *et seq.*, was implemented to protect victims of federal criminal offenses and to guarantee them access to the criminal justice process.  *See United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007); *see also Kenna v. United States Dist. Court,* 435 F.3d 1011, 1016 (9th Cir. 2006).  Among the rights afforded crime victims under the CVRA

are "the right to proceedings free from unreasonable delay," and "the right to be treated with fairness and with respect for the victims['] dignity and privacy." *See* 18 U.S.C. §§ 3771(a)(7) and (a)(8). The legislative history of the CVRA strongly suggests that Congress's principal concern in including these rights was to provide victims with a means of due process. As to the right to proceedings free from unreasonable delay, Senator Feinstein expressed Congress's concern over how lengthy continuances negatively impact crime victims, which is analogous to lengthy delays in receiving restitution:

> This provision [§ 3771(a)(7)] does not curtail the Government's need for reasonable time to organize and prosecute its case. Nor is the provision intended to infringe on the defendant's due process right to prepare a defense. Too often, however, delays in criminal proceedings occur for the mere convenience of the parties and those delays reach beyond the time needed for defendant's due process or the Government's need to prepare. The result of such delays is that victims cannot begin to put the crime behind them and they continue to be victimized. It is not right to hold crime victims under the stress and pressure of future court proceedings merely because it is convenient for the parties or the court. This provision should be interpreted so that any decision to continue a criminal case should include reasonable consideration of the rights under this section.

*See* Statement of Senator Diane Feinstein, Congressional Record -- Senate, S4269, April 22, 2004.

As to a crime victim's right to fairness under § 3771(a)(8), Senator Kyl stated:

> The broad rights articulated in this section are meant to be rights themselves and are not intended to just be aspirational. One of these rights is the right to be treated with fairness. Of course, fairness includes the notion of due process. Too often victims of crime experience a secondary victimization at the hands of the criminal justice system.

*See* Statement of Senator Jon Kyl, Congressional Record -- Senate, S4269, April 22, 2004.

Timely victim compensation is an important aspect of fair treatment. Even at the government's requested rate of $5,000 per month, and with timely compliance by the defendant, the victims will not be made whole for approximately 45 months from this point forward. The government requests that the Court impose that revised condition, because that time frame, while still lengthy from any perspective but especially so from that of the victims, is more in keeping with both the directives of the CVRA and the resources upon which the defendant is able to draw.

///

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose sentence as set forth above.

DATED: August 9, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
JONATHAN U. LEE
Assistant United States Attorney