1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JONATHAN U. LEE (CABN 148792)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        jonathan.lee@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  UNITED STATES OF AMERICA,          )  CASE NO. CR 17-00066 JST
                                       )
14          Plaintiff,                 )
                                       )  **UNITED STATES' STATUS CONFERENCE
15     v.                              )  STATEMENT**
                                       )
16  LISA ROSSI,                        )
                                       )  Date:   November 15, 2019
17                                     )  Time:   9:30 a.m.
                                       )  Before: Hon. Jon S. Tigar
18          Defendant.                 )
                                       )

19

20

21

22

23

24

25

26

27  STATUS CONFERENCE STATEMENT
    CR 17-00066 JST                            1
28

## I.     INTRODUCTION

On August 16, 2019, the parties appeared before the Court for sentencing on defendant's violation of probation.  The Court imposed sentence and issued a Judgment on August 22, 2019.

Following the judgment, the government has sought compliance by defendant with the terms of the judgment, including the special conditions discussed on the record with the Court.  Although defendant made a disclosure of information and provided documents this week, the terms of the judgment have not been met.

## II.    FACTUAL BACKGROUND

Following the sentencing hearing, defendant served the one-day custodial term in October.  In the weeks that followed, the government sought defendant's compliance with the terms of the judgment in email communications to defense counsel on October 10, 12, 16, 18, 21, 25 and 30, 2019.

For example, the government's October 18, 2019, email made a clarification and a request based on defense counsel's previous communication.

> Doron,
>
> I think I understand your message but just so there is no misunderstanding, the provision of a declaration along the lines you have described is not a substitute, in our view, for the required disclosures.  The Court imposed a set of disclosure requirements that includes tax returns, etc.  Here is the language I am referring to with some italics and underlining added to clarify the basis of this statement:
>
> 8. You shall, within 30 days provide written disclosure to the Probation Office and the United States Attorney's Office of all financial interest, *without limitation*, including beneficial interest in any trusts, lists of any bank, brokerage, or other financial services account in which you have either a beneficial interest or signatory authority, or power of attorney. You shall *also include* tax returns, including schedules for the last five years, to include personal tax and tax returns filed on behalf of any trust that you control or any business in which you maintain any ownership interest. Following production of these materials, you will give a deposition under oath at a mutual convenient time to the parties.
>
> In addition, we need dates for Ms. Rossi's deposition.
>
> Thanks…

On November 6, 2019, Mr. Weinberg provided a disclosure of documents from his client.  It was

STATUS CONFERENCE STATEMENT
CR 17-00066 JST                                    2

1   a significant amount of material, but after reviewing it, the government continues to be concerned about

2   defendant's lack of compliance in key areas.

3        On November 8, 2019, the government sent defendant correspondence describing and discussing

4   the missing disclosures and documents, and again requesting dates for defendant's deposition. *See*

5   Attachment A.  The government continues to evaluate defendant's disclosures for potential deficiencies.

6   **III.    DISCUSSION**

7        The government continues to be concerned about the long history of delayed justice for the

8   victims in this case.  Despite concerted efforts by the government, defendant has not yet come forward

9   with the information this Court required defendant to disclose.  From the perspective of the victims who

10  lost their funds to this defendant's criminal conduct, this should not be allowed to go on for the reasons

11  the government discussed at the August 16 sentencing hearing.

12  **IV.    CONCLUSION**

13       The government requests this Court to order defendant to provide the missing disclosures and

14  documents within 10 days and to provide dates for her deposition within 21 days after the supplemental

15  disclosures.  The government also suggests a further status conference in 30 days so the parties can keep

16  the Court apprised of status and the government can request further proceedings as necessary.

17

18  DATED:  November 8, 2019                              Respectfully submitted,

19                                                       DAVID L. ANDERSON
                                                         United States Attorney
20

21  _____/s/_____

22  JONATHAN U. LEE
    Assistant United States Attorney

23

24

25

26

27  STATUS CONFERENCE STATEMENT
    CR 17-00066 JST                                          3
28

# ATTACHMENT A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

| | |
|---|---|
| *JONATHAN U. LEE*<br>*Assistant United States Attorney* | *Ronald V. Dellums Federal Building*<br>*1301 Clay Street, Suite 340-S*<br>*Oakland, California  94612* |

*Telephone: (510) 637-3703*
*Facsimile:  (510) 637-3724*
*E-mail:      Jonathan.Lee@usdoj.gov*

November 8, 2019

**VIA E-MAIL(doronweinberg@aol.com)**

Doron Weinberg, Esq.
523 Octavia Street
San Francisco, CA  94102

    Re:  *U.S. v. Rossi*
       CR 17-0066 JST

Dear Doron:

   Thank you for your email this week attaching certain documents.  From our review of the materials you provided, we have the following concerns and requests for additional, still missing documents.

   By way of background, on August 22, 2019, the Court issued the Judgment in this case. See Dkt. No. 58.  The Court included the following Special Condition in the Judgment:

> You shall, within 30 days provide written disclosure to the
> Probation Office and the United States Attorney's Office of all
> financial interest, without limitation, including beneficial interest
> in any trusts, lists of any bank, brokerage, or other financial
> services account in which you have either a beneficial interest or
> signatory authority, or power of attorney. You shall also include
> tax returns, including schedules for the last five years, to include
> personal tax and tax returns filed on behalf of any trust that you
> control or any business in which you maintain any ownership
> interest. Following production of these materials, you will give a
> deposition under oath at a mutual convenient time to the parties.

   As you and I have clarified in our email communication over recent weeks, your client had an obligation to provide these materials within 30 days.  She did not do so, either within 30 days or in this week's production.

   1. For example, your client has not yet provided any tax returns.  She was ordered to provide five years of complete tax returns including any personal tax or returns filed on behalf of any trust she controls or business in which she maintains an ownership interest.

2.  As a further example, your client made certain disclosures in the financial questionnaire we recently provided to you.  These responses have created additional questions by their incompleteness and inconsistence.

3.  For example, your client identified Halo Farm LLC as her wholly owned business.  She is obligated to provide the complete tax returns, financial statements and bank statements for this entity for the past five years.

4.  Similarly, she identified Leap of Faith as her business.  She must provide the required tax returns, financial statements, bank statements for this entity.

5.  Furthermore, your client identified net rental income.  What is the source of that income?  What is the address of the property(ies) she rents out?

6.  Under real property, your client left the response blank.  She should answer yes or no and if yes, provide the missing information.

7.  Under leasehold interest, your client also left the response blank, which is inconsistent with her net rental income response.  She is required to make the additional disclosures of property address, tenant name, leases, etc.

8.  As noted, for the question about her last tax return, your client left the response blank.  She is required to provide the last five years of tax returns, as noted above.

9.  Under trust documents, your client also left the response blank.  She must identify and provide the required documents for any trust in which she has a beneficial interest.

10. Your client provided bank statements from US Bank -0203 that show deposits from Fat Lady Restaurant, which apparently stopped in August 2019.  There are handwritten notations "owner draws."  If your client held an ownership interest at the time of the Judgment, she must provide tax returns, financial statements, and bank statements for this entity.  If she once held an ownership interest but no longer so holds any such interest, when did she divest her interest?  To whom?  For what consideration?

On a related matter, we have not yet received any potential dates for your client's deposition.

Please contact me if you have any questions regarding this letter.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

/S/  *Jonathan U. Lee*

JONATHAN U. LEE
Assistant United States Attorney

CC:   Rich Brown/Leon Dang (U.S. Probation)
      Shining Hsu, AUSA

2