DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

>　1301 Clay Street, Suite 340S
>　Oakland, California 94612
>　Telephone: (510) 637-3680
>　FAX: (510) 637-3724
>　jonathan.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 17-00066 JST |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' STATUS CONFERENCE STATEMENT** |
| v. | ) | |
| LISA ROSSI, | ) | |
| | ) | Date:　January 24, 2020 |
| | ) | Time:　9:30 a.m. |
| | ) | Before: Hon. Jon S. Tigar |
| Defendant. | ) | |

## I.   INTRODUCTION

On August 16, 2019, the parties appeared before the Court for sentencing on defendant's violation of probation. The Court imposed sentence and issued a Judgment on August 22, 2019.

Following the judgment, the government has sought compliance by defendant with the terms of the judgment, including the special conditions discussed on the record with the Court. While defendant has made some disclosures of information and provided documents this week, the terms of the judgment have not been met.

STATUS CONFERENCE STATEMENT
CR 17-00066 JST                                                1

## II. FACTUAL BACKGROUND

The court held a status conference on November 15, 2019. Since then, defendant provided some additional disclosures responsive to the government's requests, and appeared for a debtor's examination on December 2, 2019. Defendant testified she does not have assets titled in her individual name to satisfy the restitution judgment.

## III. DISCUSSION

The government continues to be concerned about the long history of delayed justice for the victims in this case. According to the judgment of February 27, 2018, defendant agreed to repay her victims by no later than March 16, 2018. Defendant testified at her debtor's examination to a change in circumstances which she alleges precludes her from complying with the Court's order, namely, real properties which defendant intended to leverage for payment were foreclosed upon. However, defendant's agreement to make prompt payment was unconditional, and her victims are forced to continue waiting, almost two years later. The government's investigation into this defendant's resources as well as those of others is ongoing.

## IV. CONCLUSION

The government requests this Court to order defendant to pay the full amount of restitution immediately. In the alternative, the government requests the Court order defendant to propose a feasible payment schedule. The government also suggests a further status conference in 45-60 days so the parties can keep the Court apprised of status and the government can request further proceedings as necessary.

DATED: January 23, 2020                    Respectfully submitted,

                                           DAVID L. ANDERSON
                                           United States Attorney


                                                  /s/
                                           JONATHAN U. LEE
                                           Assistant United States Attorney

STATUS CONFERENCE STATEMENT
CR 17-00066 JST                            2